UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **EDITH EGE,** )  |  |
| ) |  |
| **Plaintiff,** ) |  |
| ) |  |
| vs. ) | CAUSE NO.  1:12-cv-276-WTL-TAB |
| ) |  |
| **MENARD, INC.,** ) |  |
| ) |  |
| **Defendant.** ) |  |

## ENTRY REMANDING CASE

Plaintiff Edith Ege filed this case in the Marion County, Indiana, Superior Court and Defendant Menard, Inc., removed the case to this Court asserting the existence of diversity jurisdiction.  Upon discussion with the parties at an initial pretrial conference, the Magistrate Judge assigned to the case learned that the Plaintiff's medical expenses arising out of the incident at issue were less than $6,000.  While the Plaintiff has filed an amended complaint in which she asserts that the amount in controversy in this case exceeds $75,000.00, the Magistrate Judge was doubtful that this was the case and ordered the Defendant to show cause why the case should not be remanded.  The Defendant's response to the order to show cause supports the Magistrate Judge's suspicion.  The Plaintiff's allegation that she has sustained more than $75,000.00 in damages is based on the fact that she might need to have surgery in the future; however, the Plaintiff has been released from treatment by her physician and "Plaintiff's counsel has acknowledged that Plaintiff's treating health care providers have never indicated that surgery will actually be necessary, and there is nothing within Plaintiff's medical records that would otherwise support the claim for a possible future surgery."

"When the jurisdictional threshold is uncontested, we generally will accept the plaintiff's

good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009).  Here the only basis for the assertion of more than $75,000.00 in damages in the alleged possibility of future surgery, a possibility that has no basis in the Plaintiff's medical records and therefore is purely theoretical.  A plaintiff may not recover for purely theoretical damages at trial. Accordingly, the Court finds it to be a legal certainly that the Plaintiff's claim in this case does not satisfy the jurisdictional threshold and, therefore, this Court lacks subject matter jurisdiction over this case.

Because this Court lacks subject matter jurisdiction over this case removal was improper; accordingly, this case is **ORDERED REMANDED** to the Marion County Superior Court.  **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Marion County Superior Court.**

SO ORDERED:   07/24/2012

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification